UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LANCE K. RICHARD** <br> **DOC # 540294** | **DOCKET NO. 6:22-CV-00131** <br> **SECTION P** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **CO MISSISSIPPI, ET AL** | **MAGISTRATE JUDGE AYO** |

<u>**REPORT AND RECOMMENDATION**</u>

Before the court is the civil rights complaint (Rec. Doc. 1) filed pursuant to 42 U.S.C. § 1983 by plaintiff Lance K. Richard, who is proceeding *pro se* and *in forma pauperis* in this matter. Richard is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, incarcerated at the Bayou Correctional Center in Tallulah, Louisiana.

**I.   BACKGROUND**

Richard brought claims against Correctional Officer Mississippi, Sgt. Clarkson and Sgt. Primeaux, alleging excessive force while incarcerated at the Evangeline Parish Jail.

Following service of the suit and the filing of an answer by the defendants, the case was reassigned to the undersigned. On September 2, 2022, notice of the reassignment was mailed to Richard at the last known address provided to the Court (Rec. Doc. 9), yet returned marked "RTS" on October 3, 2022 (Rec. Doc. 10). On March 22, 2023, the undersigned issued an Order setting deadlines. (Rec. Doc. 11). This

Order was also returned as undeliverable, marked "RTS." (Rec. Doc. 12). Richard has not notified the Court of an address change.

## II.   LAW & APPLICATION

Local Rule (LR) 41.3W provides in part, "The failure of a[]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's correspondence was returned. The failure on Richard's part t keep the court apprised of an address change warrants dismissal.

## III.   CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Richard's complaint be **DISMISSED** for failure to prosecute.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within

fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

    THUS DONE AND SIGNED in Chambers this 15th day of September, 2023.

_____
David J. Ayo
United States Magistrate Judge